FILED
SUPERIOR COURT
OF GUAM

'14 SEP 29 PM 2: 02

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MADELINE T. HORINOUCHI,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KEITH M. HORINOUCHI,<br><br>　　　　　Defendant. | **DOMESTIC CASE NO. DM0673-11**<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff Madeline T. Horinouchi's motion to enforce decrees of divorce, filed June 9, 2014. Oral arguments were heard on June 2, 2014. Attorney Georgette B. Concepcion appeared on behalf of Plaintiff, and Attorney Daniel S. Somerfleck represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On June 9, 2014, Plaintiff filed a motion to enforce decrees of divorce. Plaintiff seeks enforcement of the parties' agreement to cooperate with each other to execute any and all documents which may be necessary or convenient to complete the division of assets and debts as set forth in the Interlocutory Decree of Divorce on October 23, 2013. (Mot. Enforce Decrees, 2-5, Jun. 9, 2014). Specifically, Plaintiff requests documents from Defendant, including a quitclaim deed as to the Kauai property, which are necessary to refinance the loan on the Kauai property in Hawaii. *Id.* at 5. Plaintiff also seeks enforcement of Defendant's agreement to pay

her $2,000.00 within 180 days of the date the Interlocutory Decree of Divorce was issued. *Id.*

On June 23, 2014, Defendant filed an opposition. Defendant argues that Plaintiff's failure to provide an appraisal of the Kauai property is preventing the transfer of that property. (Opp'n Mot., 2, Jun. 23, 2014).

On August 20, 2014, Plaintiff filed a reply. Plaintiff argues that nowhere in the terms of the Interlocutory Decree of Divorce does it require Plaintiff to first obtain an appraisal outside of the refinancing process. (Reply, 2, Aug. 20, 2014). Furthermore, Plaintiff argues that nowhere does the Interlocutory Decree of Divorce state that the exchange of quitclaim deeds between the parties is contingent upon the production of an appraisal by Plaintiff. *Id.* Plaintiff adds that an appraisal outside and prior to the refinancing of the mortgage on the Kauai property will result in an undue burden upon her. *Id.* at 2.

## DISCUSSION

At issue in this present motion is the interpretation of several provisions of the Interlocutory Decree of Divorce issued by this Court on October 23, 2013. The relevant provision of the Interlocutory Decree of Divorce provides that Plaintiff, as her share of the division of community property between Plaintiff and Defendant, shall receive "Kauai Property located at 6057 Lokomaikai Place, Kapaa, Hawaii 96746 (Plaintiff shall refinance the debt on this property within 180 days solely in her name) and subject to paragraph 3." (Interlocutory Decree of Divorce, 1, Oct. 23, 2013). Paragraph 3 provides:

> 3. That the Plaintiff shall have the Kauai Property appraised by the lending institution's appraiser. Should the value of the property exceed $535,000.00, the parties agree that the Plaintiff shall pay Defendant one-half (1/2) of any value over $535,000.00. Similarly, if the property appraises under $535,000.00, the Defendant shall pay one-half (1/2) of the value below $535,000.00 to Plaintiff.

*Id.* at 2.

Reading these provisions together, the Court finds that the Plaintiff's receipt of the Kauai Property, and her obligation to refinance the debt on the property solely in her name, is not necessarily contingent upon the appraisal of the property. However, considering the fact

that the Plaintiff and the Kauai Property are both situated outside this jurisdiction and anticipating the difficulty in enforcing payments related to the appraisal after the deeds are exchanged by the parties, the Court finds that it is in the best interest of the parties to have the appraisal produced to Defendant before the exchange of deeds.

Plaintiff states that it would be an undue financial burden for her to pay for two appraisals of the same property – one demanded by Defendant and another as part of the refinancing process. (Decl. Madeline Torres, 1-2, Aug. 20, 2014). However, she fails to explain why she needs to obtain two appraisals when she could procure just one to use for both purposes of the refinancing and the payment to Defendant. Presumably, there was some sort of appraisal of the Kauai Property as Plaintiff was approved for a loan on the Kauai Property from a financial institution. (Mot. Enforce Decrees, 3, Jun. 9, 2014). Furthermore, in the event she does need to acquire two appraisals, she fails to sufficiently demonstrate the cost of an appraisal and precisely how a second appraisal would be an undue financial burden to her.

As such, the Court orders Plaintiff to provide Defendant with an appraisal of the Kauai Property. Upon receipt of this appraisal, Defendant shall execute a quitclaim deed in Plaintiff's favor with respect to the Kauai Property and provide Plaintiff with the necessary documents to complete the transfer and refinancing of the Kauai Property. Additionally, Plaintiff shall execute a quitclaim deed in Defendant's favor with respect to the Loma Linda Property and provide Defendant with the necessary documents to complete the transfer and refinancing of the Loma Linda Property.

Furthermore, Defendant shall make a $2,000.00 payment to Plaintiff pursuant to the Interlocutory Decree of Divorce. At the motion hearing, Defendant's counsel explained that Defendant has not paid the $2,000.00 because Defendant has not received the personal property owed to him pursuant to the Interlocutory Decree of Divorce. (Motion Hr'g, Record Log at 9:24:36, Aug. 27, 2014). However, this does not relieve Defendant of his obligation to comply with this Court's order. If Plaintiff fails to comply with any Court order, Defendant may bring the matter before the Court for appropriate relief, if deemed necessary.

## CONCLUSION

Based upon the foregoing, Plaintiff's motion to enforce decrees of divorce is hereby GRANTED in part. Plaintiff shall present Defendant with an appraisal of the Kauai Property within 15 days of the date of issuance of this Court's order. Upon receipt of the appraisal, (1) Defendant shall execute a quitclaim deed in Plaintiff's favor with respect to the Kauai Property and provide Plaintiff with the necessary documents to complete the transfer and refinancing of the Kauai Property; and, (2) Plaintiff shall execute a quitclaim deed in Defendant's favor with respect to the Loma Linda Property and provide Defendant with the necessary documents to complete the transfer and refinancing of the Loma Linda Property. Furthermore, Defendant shall immediately transmit a $2,000.00 payment to Plaintiff pursuant to the Interlocutory Decree of Divorce. Finally, Plaintiff shall immediately return to Defendant all of the personal property items listed under paragraph 5 of the Interlocutory Decree of Divorce.

SO ORDERED this _____ day of September, 2014.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

_____

_____
Date:_____ Time:_____

_____
Deputy Clerk, Superior Court of Guam

Page 4 of 4